2006 UT App 180

**Carol CHRISTIANSEN, Plaintiff, Appellant, and Cross-appellee,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant, Appellee, and Cross-appellant.**

**No. 20040991–CA.**

Court of Appeals of Utah.

May 4, 2006.

C. Ryan Christensen, Robert G. Gilchrist, S. Brook Millard, Salt Lake City, and Nance F. Becker, Brayton & Purcell, Novato, California, for Appellant and Cross-appellee.

E. Scott Savage and Casey K. McGarvey, Berman & Savage, Salt Lake City, for Appellee and Cross-appellant.

Before GREENWOOD, Associate P.J., DAVIS and McHUGH, JJ.

## AMENDED OPINION [1]

DAVIS, Judge:

¶ 1 Carol Christiansen appeals the trial court's grant of summary judgment to Union Pacific Railroad Company (Union Pacific), ruling that Christiansen's claim under the Federal Employer's Liability Act (FELA) was barred by the applicable three-year statute of limitations. *See* 45 U.S.C. § 56 (1986). Union Pacific cross-appeals, arguing that even if the trial court erred in determining Christiansen's claim was time-barred, the trial court should have granted its motion for summary judgment because Christiansen has not provided sufficient evidence to send his case to a jury. We reverse and remand the trial court's grant of summary judgment on the limitations period and affirm its denial of summary judgment with regard to the evidence produced by Christiansen.

## BACKGROUND

¶ 2 On a motion for summary judgment, we relate the facts of the case and all reasonable inferences arising therefrom in a light favorable to the nonmoving party. *See Burton v. Exam Ctr. Indus. & Gen. Med. Clinic, Inc.,* 2000 UT 18, ¶ 2 n. 1, 994 P.2d 1261.

¶ 3 Christiansen was exposed to asbestos while working for Union Pacific in 1951 where he installed and removed asbestos-containing components. He was subsequently employed in several other occupations involving asbestos until 1970, at which time he began work as a roofer. Some time in the mid–1980s Christiansen learned that asbestos was considered dangerous and that most businesses were discontinuing its use. In the early 1990s, he began developing breathing problems, which became so severe that

---

1. Pursuant to Appellee's Petition for Rehearing requesting clarification of our analysis of a FELA plaintiff's successfully resisting a motion for summary judgment, we herewith amend ¶ 9 of the original opinion. This Amended Opinion replaces the Opinion in Case No. 20040991–CA issued on March 23, 2006.

he retired around 1995 and filed a Social Security disability claim. Believing his condition to be caused by his asbestos exposure at work, he visited several doctors who diagnosed the symptoms variously as congestion, pneumonia, and bronchitis. During this time period, a pulmonologist specifically rejected Christiansen's concern that his lung problems were caused by asbestos exposure and diagnosed the condition as congestion. Christiansen filed a claim against Union Pacific in January 2002, and later that year, a doctor performed an extensive examination and diagnosed his condition as asbestosis.

¶ 4 After discovery, Union Pacific moved for summary judgment on grounds that the three-year limitations period had run on the claim and that Christiansen had not presented any evidence that Union Pacific had been negligent. Christiansen responded with the affidavit of an expert claiming that Union Pacific was aware of the dangers of asbestos in the mid–1930s when the American Association of Railroads issued a report. The expert also alleged that the general working conditions at a Union Pacific facility would have exposed a mechanic like Christiansen to hazardous doses of asbestos. The trial court granted Union Pacific's motion for summary judgment with respect to the statute of limitations, ruling that the limitations period had run on his claim because he "knew or reasonably should have known of both his injury and its cause" in the mid–1990s. The trial court also denied Union Pacific's motion with respect to the sufficiency of Christiansen's evidence, concluding that Christiansen had "set forth sufficient facts to create a duty and show a breach of that duty."

¶ 5 Christiansen filed an unopposed Rule 54(b) Motion to Enter Final Judgment as to Union Pacific Railroad Company and to Certify as Ready for Appeal. The trial court granted the motion and entered final judgment. Christiansen appealed, and Union Pacific cross-appealed.

## ISSUES AND STANDARD OF REVIEW

¶ 6 Christiansen appeals the trial court's grant of summary judgment in favor of Union Pacific, asserting that the limitations period had not run when he filed his claim. Union Pacific cross-appeals, claiming that even if Christiansen's claim were not time-barred, the trial court should have granted its motion on the ground that he had failed to produce evidence of Union Pacific's negligence. We affirm summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Utah R. Civ. P. 56(c). Summary judgment is appropriate against a party who, after discovery, fails to "set forth facts ' "sufficient to establish the existence of an element essential to that party's case." ' " *Anderson Dev. Co. v. Tobias*, 2005 UT 36,- ¶ 23, 116 P.3d 323 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (other citation omitted)). In assessing whether Christiansen has made a sufficient showing to withstand summary judgment, we take into account "the substantive evidentiary standard of proof that would apply at a trial on the merits," and affirm the denial of Union Pacific's motion for summary judgment if we conclude that "a fair-minded jury could return a verdict for [Christiansen] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Andalex Res., Inc. v. Myers*, 871 P.2d 1041, 1046 (Utah Ct.App.1994) ("In granting a motion for summary judgment, a trial judge must consider each element of the claim under the appropriate standard of proof").

## ANALYSIS

I. Denial of Union Pacific's Motion for Summary Judgment

¶ 7 We first address Union Pacific's argument that the trial court should have granted its motion for summary judgment because Christiansen has not provided sufficient evidence of negligence. FELA permits a railroad employee to recover for injuries sustained as a result of his employer's negligence:

> Every common carrier by railroad while engaging in [interstate] commerce ...

shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by any reason of any defect or insufficiency, due to its negligence....

45 U.S.C. § 51 (1986). Although "negligence" is not defined under the statute, a plaintiff must prove each of the common law elements of duty, breach, foreseeability, and causation. *See, e.g., Williams v. National R.R. Passenger Corp.,* 161 F.3d 1059, 1062 (7th Cir.1998).

¶ 8 In its brief on appeal, Union Pacific claims that it is entitled to a judgment as a matter of law because Christiansen has not presented "any evidence that the level of [his] alleged exposures, if any, were known or even should have been known to [Union Pacific] to be hazardous." Union Pacific correctly argues that summary judgment would be proper in this case if we determine that Christiansen failed to make a showing " ' "sufficient to establish the existence of an element essential to [his] case." ' " *Anderson Dev. Co.,* 2005 UT 36 at ¶ 23, 116 P.3d 323 (citations omitted). However, we assess whether Christiansen has met this burden by viewing his case in light of the applicable "substantive evidentiary standard of proof" and affirm denial of the motion if Christiansen has provided the minimum of evidence to allow "a fair-minded jury" to "return a verdict for [him]." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

¶ 9 Two considerations guide our analysis here. First, to get a case to a jury, "[a] plaintiff's burden in a FELA action is ... significantly lighter than it would be in an ordinary negligence case." *Williams,* 161 F.3d at 1061. To prove its claim, a plaintiff must show that the railroad breached its "duty to use reasonable care in furnishing its employees with a safe place to work" by causing an injury which a reasonably prudent person would anticipate under the circumstances. *Atchison, Topeka & Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 558, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987); *see also Gallick v. Baltimore & Ohio R.R. Co.,* 372 U.S. 108,

118, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963). However, "[u]nder this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R.R. Co.,* 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). Still, it should be noted that despite this reduced burden to overcome summary judgment, "FELA does not make the employer the insurer of the safety of his employees" and the plaintiff must produce some evidence of the employer's negligence beyond the simple fact that an injury has occurred. *Consolidated Rail Corp. v. Gottshall,* 512 U.S. 532, 543, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994) (quotations and citation omitted).

¶ 10 Second, it is difficult for a FELA defendant to avoid a jury trial because a jury determination "is part and parcel of the remedy afforded railroad workers under [FELA]." *Bailey v. Central Vt. Ry.,* 319 U.S. 350, 354, 63 S.Ct. 1062, 87 L.Ed. 1444 (1943). Under FELA, where liability depends largely upon the unique circumstances of each case, "Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury." *Rogers,* 352 U.S. at 510, 77 S.Ct. 443 (footnote omitted).

¶ 11 Union Pacific contends that Christiansen has failed to produce evidence that (1) he was exposed to a hazardous level of asbestos and (2) Union Pacific was aware that the level of exposure was hazardous. It is undisputed that Christiansen was employed by Union Pacific during 1951, at which time his jobs involved some exposure to asbestos products. Christiansen further alleges that he was exposed to a hazardous level of asbestos material while removing and replacing asbestos products on Union Pacific locomotives as a machinist in the company's roundhouse and that Union Pacific was aware that the exposure would foreseeably result in injury. As evidence of this, Christiansen offered a railroad expert's affidavit, in which the expert analyzes the asbestos exposure of

another Union Pacific worker between 1941 and 1981. Although Christiansen's employment experience was not as long or as varied as the other employee's, the affidavit addresses generally the level of airborne asbestos fibers generated by machinists in a Union Pacific roundhouse while removing and replacing asbestos products, and estimates the levels to be approximately five to one hundred fibers per cubic centimeter. The expert concludes that the level of roundhouse asbestos exposure could "present a significant health hazard." The expert also states that he is familiar with the notes and reports of the American Association of Railroads, with which Union Pacific was affiliated, that indicate the Association was aware as early as the mid–1930s that asbestos presented a health hazard. Given the reduced evidentiary standard under FELA and the preference to allow juries to determine issues of fault, we conclude that Christiansen has provided sufficient evidence to allow a reasonable jury to infer that, based on the expert testimony Christiansen offered, Union Pacific failed to provide a safe workplace. Accordingly, we affirm the trial court's denial of summary judgment on this issue.

## II. Summary Judgment on the Limitations Period

¶ 12 Christiansen also argues that the trial court erred in determining that the limitations period on his claim had run. Under FELA, "[n]o action shall be maintained ... unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. In cases of latent injury, courts apply a "discovery rule," under which the cause of action accrues only when " 'the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.' " *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir.2001) (citation omitted). Because the limitations period operates as an affirmative defense, the defendant has the initial burden of proving that the limitations period has run. *See Koch v. Shell Oil Co.*, 52 F.3d 878, 880 (10th Cir.1995) ("Because statutes of limitation and repose must be raised as affirmative defenses, [defendants] have the burden of proof on the issue of whether

plaintiff's action was timely filed"). Accordingly, in the present case where Christiansen filed his action on January 9, 2002, we may affirm the grant of summary judgment only if Union Pacific has shown that no genuine issues of material fact exist to establish that Christiansen knew or had reason to know of his injury and its cause on or before January 8, 1999.

¶ 13 Here, it is undisputed that Christiansen knew of the existence of his injury in 1995 when he retired and filed a Social Security disability claim for pain relating to his lungs. We must therefore consider at what point Christiansen knew or had reason to know that the injury was attributable to his employment.

¶ 14 The trial court determined in its memorandum decision granting summary judgment in favor of Union Pacific that Christiansen "knew or reasonably should have known of his injury and its cause by the mid–1990[ ]s" because he "admits subjectively believing asbestos was harmful and that his illness was caused by asbestos." Although the trial court did not reference the portions of the record upon which it relied, Union Pacific contends that this conclusion is supported by the following admissions made by Christiansen: (1) he was aware at some point in the mid–1980s that asbestos was dangerous; (2) he noticed breathing problems in the early 1990s, which caused him to retire around 1995; (3) he stated that at about that time "I decided in my own mind the connection to asbestos"; (4) he sought medical help and, although doctors did not conclude it was asbestos-related, he "kind of knew in [his] own mind what was causing it"; and (5) when he was diagnosed with asbestosis in 2002, he was not surprised because "[i]t just confirmed what [he] had thought for quite a while." It also appears from Christiansen's deposition that he was aware of coworkers who had died after experiencing similar symptoms.

¶ 15 Christiansen argues that his admissions lead to a different conclusion. He claims that until his lung problem was diagnosed as asbestosis in 2002, he had only a mere suspicion that his condition might be

asbestos- or work-related because examining physicians consistently failed to diagnosis the condition as asbestos-related. Christiansen stated in his deposition that he visited a series of doctors, explaining that he had been exposed to asbestos at his work, and the doctors diagnosed his condition as congestion, pneumonia, or bronchitis, but never asbestosis.

¶ 16 Although it is undisputed that Christiansen subjectively believed his condition was asbestos-related, the key question here is whether he diligently pursued his claim based upon that belief. *See Tolston v. National R.R. Passenger Corp.*, 102 F.3d 863, 865 (7th Cir.1996) (" '[A] cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause.' " (citation omitted)). The parties agree regarding Christiansen's admissions, but use them to draw different inferences about Christiansen's diligence. Christiansen claims that the undisputed facts evidence his diligent effort to seek medical confirmation of his suspicions, which was forestalled by contrary diagnoses until 2002, when his suspicions were finally confirmed. Union Pacific, on the other hand, claims that the undisputed facts evidence that Christiansen had no doubt about the cause of his ailment from the time he contracted it, but waited to file his claim until January 2002, which he did before receiving a definitive diagnosis of asbestosis in November or December 2002. Hence, according to Union Pacific, the correct diagnosis was ultimately unnecessary for Christiansen to diligently pursue his claim.[2]

¶ 17 Whether Christiansen made a diligent effort to pursue his claim in this case is a question to be resolved by a fact finder. *See Robertson v. Seidman & Seidman*, 609 F.2d 583, 591 (2d Cir.1979) ("Issues of due diligence and constructive knowledge depend on inferences drawn from the facts of each particular case.... When conflicting inferences can be drawn from the facts, however, summary judgment is inappropriate."). Given the divergent opinions reached by the two parties based on the same facts, we cannot resolve the issue as a matter of law. Accordingly, we conclude that a genuine issue of material fact exists as to whether Christiansen diligently pursued his claim after subjectively determining that his injury was likely work-related. We therefore reverse the trial court's grant of summary judgment in favor of Union Pacific and remand for further proceedings consistent with this opinion.

## CONCLUSION

¶ 18 We conclude that the trial court properly denied Union Pacific's motion for summary judgment on the merits of Christiansen's claim, but erred in granting Union Pacific's motion on the limitations period. We reverse and remand to permit the trial court to determine whether Christiansen's claim is barred by the limitations period and, if not, for a trial on the merits of his claim.

¶ 19 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and CAROLYN B. McHUGH, Judge.

---

**2.** Union Pacific's reliance on *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), for the proposition that incompetent or mistaken medical diagnosis does not toll the statute of limitations on Christiansen's claim is misplaced. *Kubrick* held that, although medical misdiagnosis regarding the injury or its probable cause will toll the statute of limitations, misinformation regarding the applicable legal standard will not. *See id.* at 122, 100 S.Ct. 352 (holding that when plaintiff knew of injury and its cause, his belated discovery that doctor's treatment fell below current medical standards did not toll the limitations period). Here, Christiansen claims that he was misinformed regarding the medical cause of his injury, not the legal standard governing his claim, and accordingly, *Kubrick's* holding is inapplicable to his case.